UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

CIVIL MINUTES – GENERAL

Case No. SACV 16-01064-CJC(JCGx)            Date: June 14, 2016

Title: <u>SUNTRUST MORTGAGE, INC. V. VARINDER KUMAR ET AL.</u>

PRESENT:

**<u>HONORABLE CORMAC J. CARNEY, UNITED STATES DISTRICT JUDGE</u>**

<u>Melissa Kunig</u>                      <u>   N/A   </u>
Deputy Clerk                          Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                            None Present

**PROCEEDINGS: (IN CHAMBERS) ORDER REMANDING CASE FOR IMPROPER REMOVAL**

       On June 8, 2016, Defendant Varinder Kumar removed this unlawful detainer action originally filed in Orange County Superior Court by Plaintiff Suntrust Mortgage, Inc. (Dkt. 1 ["Notice of Removal"].) A defendant may remove a civil action filed in state court to a federal district court if the federal court may exercise original jurisdiction over the action. 28 U.S.C. § 1441(b). A federal court can assert subject matter jurisdiction over cases that (1) involve questions arising under federal law or (2) are between diverse parties and involve an amount in controversy that exceeds $75,000. 28 U.S.C. §§ 1331, 1332. The defendant removing the action to federal court bears the burden of establishing that the district court has subject matter jurisdiction over the action, and the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). Whether subject matter jurisdiction exists may be raised by the Court *sua sponte* at any time. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

       Here, Defendant asserts that this Court has diversity jurisdiction because the parties are completely diverse and the amount in controversy exceeds $75,000. *See* 28

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 16-01064-CJC(JCGx)            Date: June 14, 2016
                                                                                                 Page 2

---

U.S.C. § 1332. However, the state court complaint clearly seeks damages no greater than $10,000. (*See* Dkt. 4 at 4; 6.) And Kumar's argument that the amount-in-controversy is satisfied because he "seeks to quiet title and maintain an interest" in the property is nonsensical. Kumar is the *defendant* in this case; he is not seeking anything. The Court therefore determines that it lacks subject-matter jurisdiction and, on its own motion, **REMANDS** this action to Orange County Superior Court.

sr

MINUTES FORM 11
CIVIL-GEN                                                                           Initials of Deputy Clerk MKU